1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

HARVEY D. BLACKBURN,                    )        No. C 10-1422 LHK (PR)
                                         )
12              Plaintiff,               )        ORDER OF PARTIAL
                                         )        DISMISSAL; ORDER OF
13        v.                             )        SERVICE; DIRECTING
                                         )        DEFENDANT TO FILE
14   MONTEREY COUNTY JAIL and TERRY      )        DISPOSITIVE MOTION OR
     WHITING,                            )        NOTICE REGARDING SUCH
15                                       )        MOTION
                Defendants.              )
16   _____)

17
18          Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

19   U.S.C. § 1983 alleging that Physician's Assistant Terry Whiting and the Monterey County Jail

20   violated his constitutional rights.   Plaintiff is granted leave to proceed in forma pauperis in a

21   separate order.

                                        **DISCUSSION**

22   A.     Standard of Review

23          A federal court must conduct a preliminary screening in any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

25   28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

26   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27   seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

28

1   § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

2   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

4   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

5   the alleged violation was committed by a person acting under the color of state law.  *See West v.*

6   *Atkins*, 487 U.S. 42, 48 (1988).

7   B.   Plaintiff's Claims

8          Plaintiff claims that on January 18, 2010, his wrist was so painful that he made an

9   appointment to see medical personnel.  Defendant Whiting prescribed him Motrin.

10  Unbeknownst to Plaintiff, he should not have been prescribed Motrin because Plaintiff has no

11  spleen.  As a result of the Motrin, Plaintiff suffered severe nosebleeds for three days and broke

12  out in blisters.  Plaintiff returned to see medical personnel, and Whiting attended to him again.

13  Whiting looked at Plaintiff's outbreak, concluded they were bruises, and refused to conduct a

14  blood test as Plaintiff requested.  Whiting refused to believe Plaintiff's suggestion that he was

15  having a reaction and dismissed Plaintiff.  The following day, because of his condition and

16  persistent nosebleed, Plaintiff was rushed to medical and admitted into Natividad Medical

17  Center.  From there, he was transferred to Salinas Valley Memorial Hospital where he had to

18  undergo several blood transfusions and other procedures.  On January 26, 2010, Plaintiff was

19  discharged.  On February 1, 2010, Plaintiff was transported to state prison.

20         Deliberate indifference to serious medical needs violates the Eighth Amendment's

21  proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104

22  (1976).  A determination of "deliberate indifference" involves an examination of two elements:

23  the seriousness of the prisoner's medical need and the nature of the Defendant's response to that

24  need.  *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,

25  *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Liberally

26  construed, Plaintiff has stated a cognizable claim of deliberate indifferent to serious medical

27  needs against Defendant Whiting.

28

1        Plaintiff also sues the Monterey County Jail.  However, Plaintiff fails to state a

2   cognizable claim against it.  A city or county may not be held vicariously liable for the

3   unconstitutional acts of its employees under the theory of respondeat superior.  *See Board of*

4   *County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  To impose municipal liability under

5   § 1983 for a violation of constitutional rights, Plaintiff must show: (1) that he possessed a

6   constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3)

7   that this policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) that

8   the policy is the moving force behind the constitutional violation.  *See Plumeau v. School Dist.*

9   *#40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  Here, Plaintiff does not even hint that

10  the Monterey County Jail had an unlawful policy.  In fact, the only mention of the County in

11  Plaintiff's complaint is to say that the County did not send any of his medical files to the prison.

12  In addition, Plaintiff does not assert which individual was responsible for any alleged

13  constitutional violation.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply

14  conclusions, that show that an individual was personally involved in the deprivation of his civil

15  rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Finally, the failure to send

16  medical files to the prison, without more, fails to state a cognizable claim for relief.  Thus, the

17  Monterey County Jail is DISMISSED as a defendant.  If Plaintiff believes in good faith that he

18  can cure the above mentioned deficiencies, he may file a motion to amend his complaint

19  accompanied by an amended complaint.

20                              **CONCLUSION**

21       For the foregoing reasons, the court hereby orders as follows:

22       1.      The Court DISMISSES Monterey County Jail as a defendant.

23       2.      The Clerk shall issue a summons, and the United States Marshal shall serve,

24  without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments

25  thereto, and copies of this order on **TERRY WHITING, PHYSICIAN'S ASSISTANT** at the

26  **Monterey County Jail** in **Monterey, California**.  The Clerk shall also serve a copy of this

27  Order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's

28

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422dissrv.wpd     3

1  Office.

2      2.    No later than **ninety (90) days** from the date of this order, Defendant shall file a

3  motion for summary judgment or other dispositive motion with respect to the cognizable claims

4  in the complaint.

5          a.    If Defendant elects to file a motion to dismiss on the grounds that Plaintiff

6  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

7  Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

8  F.3d 1108, 1119-20 (9th Cir. 2003).

9          b.    Any motion for summary judgment shall be supported by adequate factual

10  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

11  Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified</u>**

12  **<u>immunity found, if material facts are in dispute.  If Defendant is of the opinion that this</u>**

13  **<u>case cannot be resolved by summary judgment, she shall so inform the Court prior to the</u>**

14  **<u>date the summary judgment motion is due.</u>**

15      3.    Plaintiff's opposition to the dispositive motion shall be filed with the court and

16  served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

17          a.    In the event Defendant files an unenumerated motion to dismiss under

18  Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

19          The defendants have made a motion to dismiss pursuant to Rule 12(b) of

20  the Federal Rules of Civil Procedure, on the ground you have not exhausted your
   administrative remedies.  The motion will, if granted, result in the dismissal of

21  your case.  When a party you are suing makes a motion to dismiss for failure to
   exhaust, and that motion is properly supported by declarations (or other sworn

22  testimony) and/or documents, you may not simply rely on what your complaint
   says.  Instead, you must set out specific facts in declarations, depositions, answers

23  to interrogatories, or documents, that contradict the facts shown in the defendant's
   declarations and documents and show that you have in fact exhausted your

24  claims.  If you do not submit your own evidence in opposition, the motion to
   dismiss, if appropriate, may be granted and the case dismissed.

25          b.    In the event Defendants file a motion for summary judgment, the

26  

27      [1] The following notice is adapted from the summary judgment notice to be given to pro se
   prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*

28  *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422dissrv.wpd    4

1  Ninth Circuit has held that the following notice should be given to plaintiffs:

2       The defendants have made a motion for summary judgment by which
3  they seek to have your case dismissed. A motion for summary judgment under
   Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

4       Rule 56 tells you what you must do in order to oppose a motion for
5  summary judgment. Generally, summary judgment must be granted when there is
   no genuine issue of material fact--that is, if there is no real dispute about any fact
6  that would affect the result of your case, the party who asked for summary
   judgment is entitled to judgment as a matter of law, which will end your case.
7  When a party you are suing makes a motion for summary judgment that is
   properly supported by declarations (or other sworn testimony), you cannot simply
8  rely on what your complaint says. Instead, you must set out specific facts in
   declarations, depositions, answers to interrogatories, or authenticated documents,
9  as provided in Rule 56(e), that contradict the facts shown in the defendants'
   declarations and documents and show that there is a genuine issue of material fact
10 for trial. If you do not submit your own evidence in opposition, summary
   judgment, if appropriate, may be entered against you. If summary judgment is
11 granted in favor of defendants, your case will be dismissed and there will be no
   trial.

12 *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

13 Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

14 (1986) (holding party opposing summary judgment must come forward with evidence showing

15 triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

16 failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a

17 consent by plaintiff to the granting of the motion, and granting of judgment against Plaintiff

18 without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

19 *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

20     4.  Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's

21 opposition is filed.

22     5.  The motion shall be deemed submitted as of the date the reply brief is due. No

23 hearing will be held on the motion unless the court so orders at a later date.

24     6.  All communications by the Plaintiff with the court must be served on Defendant,

25 or Defendant's counsel once counsel has been designated, by mailing a true copy of the

26 document to Defendant or Defendant's counsel.

27     7.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

28

No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendant's counsel. *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendant has filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.</u>  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer with Defendant in person.  Rather, if his discovery requests are denied and he intends to seek a motion to compel, he must send a letter to Defendant to that effect, offering her one last opportunity to provide him with the sought-after information.

8.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   8/30/2010                          _____
                                            LUCY H. KOH
                                            United States District Judge