IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY D. BLACKBURN, ) | No. C 10-1422 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION TO |
| ) | AMEND COMPLAINT AS |
| v. ) | UNNECESSARY; DENYING |
| ) | MOTION FOR PRO BONO |
| TERRY WHITING, ) | COUNSEL |
| ) | |
| Defendant. ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Physician's Assistant Terry Whiting and the Monterey County Jail violated his constitutional rights. On August 30, 2010, this Court dismissed the Monterey County Jail and advised Plaintiff that if he could allege a constitutional violation against Monterey County Jail in good faith, he could file a motion to amend the complaint, accompanied by an amended complaint.

On September 27, 2010, Plaintiff filed a motion to amend his complaint to add the Monterey County Jail, and attached a page of allegations entitled, "complaint amendment," in support of his motion. In the complaint amendment, Plaintiff claims that he was discharged from Salinas Valley Memorial Hospital on January 26, 2009. He was due back in the hospital on February 1, 2009, for his second of four transfusions. The day before he was to return to the

hospital, an unnamed deputy told him that he was being added to the transport list because he was costing the Monterey County Jail too much money in hospital bills, and because he was filing complaints against the sergeant in charge of the transport list. Sergeant Durhem, the girlfriend of Defendant Terry Whiting, added Plaintiff to the transport list even though Plaintiff tried to explain that he was still under doctors' care, and it was illegal to move him while he was still undergoing treatment. Plaintiff alleges that Durhem added Plaintiff to the transport list because he filed a grievance against Whiting, and, as a result, Plaintiff was unable to exhaust his grievance and unable to receive necessary medical treatment.

As the Court pointed out in its initial order of service, to impose municipal liability against Monterey County Jail under § 1983 for a violation of constitutional rights, Plaintiff must show: (1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to Plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Here, Plaintiff still does not allege that the Monterey County Jail had an unlawful policy. As Plaintiff's "complaint amendment" currently reads, he has failed to state a cognizable claim against the Monterey County Jail.

In any event, it appears that Plaintiff wants to add Sergeant Durhem as a Defendant, and he may do so. At this time, Plaintiff need not seek permission of the Court to amend his complaint. He may amend his complaint once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Here, because service on Whiting has not yet been executed, Plaintiff's motion to amend the complaint is unnecessary at this stage of the litigation. If Plaintiff wishes to file an amended complaint, he may do so once without seeking leave of Court, provided that he file his amended complaint before any responsive pleading is served.

When amending his complaint, Plaintiff should bear the following in mind. An amended complaint filed as a matter of course or after leave of Court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

Order Denying Motion to Amend Complaint as Unnecessary; Denying Motion for Pro Bono Counsel
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422amcomp.wpd   2

in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Plaintiff intends to file an amended complaint, he must include the caption and civil case number used in this order (C 10-1422 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in the Court proceeding with the claim as stated in the original order of service solely against Defendant Whiting.** The Clerk of the Court shall send Petitioner a blank civil rights form along with his copy of this Order.

Plaintiff also requests appointment of pro bono counsel. Plaintiff's request is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been able to adequately present his claims. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   10/27/2010

_Lucy H. Koh_
LUCY H. KOH
United States District Judge