IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY D. BLACKBURN,<br><br>            Plaintiff,<br><br>   v.<br><br>TERRY WHITING,<br><br>            Defendant. | No. C 10-1422 LHK (PR)<br><br>ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE; DENYING MOTION TO AMEND WITHOUT PREJUDICE; DENYING REQUEST FOR CONTINUANCE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Physician's Assistant Terry Whiting and the Monterey County Jail violated his constitutional rights. On August 30, 2010, this Court dismissed the Monterey County Jail, granted Plaintiff leave to amend, and ordered that Defendant Whiting be served. On September 27, 2010, Plaintiff filed a motion to amend, along with a proposed amended complaint. On October 27, 2010, the Court screened the amended complaint, noted that it was unclear whether Plaintiff wanted to add a previously unnamed defendant to this action, and directed Plaintiff to file another amended complaint within thirty days if he wanted to include the previously unnamed defendant. On October 28, 2010, Whiting filed a motion to dismiss for failure to exhaust. Plaintiff did not file another amendment. On December 7, 2010, Plaintiff filed another motion to amend his complaint as well as a request under Rule 56(f) for a

1  continuance, which the Court also construes as Plaintiff's opposition to Whiting's motion to
2  dismiss. Whiting has also filed an opposition to Plaintiff's motion to amend the complaint as
3  well as his request for a continuance. For the reasons stated below, Whiting's motion to dismiss
4  is DENIED without prejudice, Plaintiff's motion to amend is DENIED without prejudice, and
5  Plaintiff's request for a continuance is DENIED.

## DISCUSSION

A.   Motion to Dismiss for Failure to Exhaust

According to the complaint, Plaintiff alleged that Whiting was deliberately indifferent to his medical needs on January 18 and January 22, 2010. Plaintiff states that he required medical treatment and received blood transfusions at Salinas Valley Memorial Hospital. Plaintiff alleges that he was discharged from the hospital on January 26, 2010 and sentenced the following day, on January 27, 2010. Plaintiff was then sent to prison on February 1, 2010. Plaintiff's complaint alleges that he failed to exhaust administrative remedies because he was transferred to prison before he could complete the process.

Whiting moves to dismiss this action for failure to exhaust under the Prison Litigation Reform Act ("PLRA"). *See* 42 USC § 1997e. Plaintiff alleges in his complaint that he began the administrative appeal process on January 27, 2010 (Dkt. No. 16 at 2), but was transferred out of the jail and to state prison before he could complete it.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendant has the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 215-17. A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt*, 315 F.3d at 1120. The Ninth Circuit has held that to dismiss for failure to exhaust under the PLRA, defendants must demonstrate non-exhaustion and show which remedies remain available to the plaintiff. In *Brown*, the Ninth Circuit concluded that "there can be no 'absence of exhaustion' unless some relief remains 'available'[;] a defendant must demonstrate that pertinent relief remained available . . . ." *Brown v. Valoff*, 422 F.3d 926,

Order Denying Motion to Dismiss; Denying Motion to Amend without Prejudice; Denying Request for Continuance;
Directing Defendant to File Dispositive Motion or Notice
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422mtdmisc.wpd   2

936-37 (9th Cir. 2005).   This reasoning is consistent with *Booth v. Churner*, 532 U.S. 731 (2001).  In *Booth*, the Court noted that "[w]ithout the possibility of some relief, the administrative officers would presumably have no authority to act on the subject of the complaint, leaving the inmate with nothing to exhaust." *Id.* at 735 n.4.  The only exception to that standard is if a prisoner fails to follow the prison's grievance procedures and then uses his own default to argue that remedies are unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) (applying a "proper exhaustion" standard).

Whiting has not met his burden of demonstrating that any administrative remedies remained available to Plaintiff.  *See Brown*, 422 F.3d at 937; *Wyatt*, 315 F.3d at 1119.  Although an exhaustion defense might be available to Whiting, in order to succeed, he must offer evidence that either some relief is still available to Plaintiff, or that his attempt to exhaust remedies was improper due to a procedural default.  *See Brown*, 422 F.3d at 937.  Accordingly, Whiting's motion to dismiss is DENIED without prejudice.

B.   Motion to Amend

Plaintiff requests permission to "amend and supplement" his complaint, pursuant to Federal Rules of Civil Procedure 15(a) and 15(d).  Whiting opposes the motion, arguing that Plaintiff "had the opportunity to plead compliance with his administrative remedies when he filed his [c]omplaint."  Whiting concludes that, therefore, Plaintiff should not be permitted to supplement or amend his complaint to include matters that he should have known about prior to filing his complaint.[1]

A plaintiff may amend the complaint once as a matter of course within 21 days after serving it.  Fed. R. Civ. P. 15(a)(1)(A).  But if the complaint requires a responsive pleading, a plaintiff may amend the complaint 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B).  In all other cases, as here, a plaintiff must obtain the defendant's consent or leave

---

[1] Although Whiting appears to assert that Plaintiff had a duty to demonstrate exhaustion in his complaint, the Supreme Court has stated that inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones*, 549 U.S. at 215-17.

Order Denying Motion to Dismiss; Denying Motion to Amend without Prejudice; Denying Request for Continuance; Directing Defendant to File Dispositive Motion or Notice
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422mtdmisc.wpd   3

1  of court to amend a complaint.  *Id.* at (a)(2).  Federal Rule of Civil Procedure 15(a) is to be
2  applied liberally in favor of amendments and, in general, leave shall be freely given when justice
3  so requires.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt
4  to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be
5  based upon good cause).

6       On the other hand, the court may permit a party to serve supplemental pleadings "setting
7  forth transactions or occurrences or events which have happened since the date of the pleading
8  sought to be supplemented."  Fed. R. Civ. P. 15(d).  The power to grant supplemental pleadings
9  is discretionary and "upon such terms as are just."  *Id.*  While leave to permit supplemental
10 pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action.
11 *See Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).  Matters
12 newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in
13 the original pleading.  *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).  Leave to file a
14 supplemental complaint therefore may not be granted where the supplemental complaint
15 involves a new and distinct cause of action that should be the subject of a separate suit.  *See*
16 *Neely*, 130 F.3d at 402 (abuse of discretion to allow plaintiffs to supplement complaint after final
17 judgment to attack newly amended statute); *cf. Griffin v. County Sch. Bd. of Prince Edward*
18 *County*, 377 U.S. 218, 226 (1964) (supplemental pleading proper where new transactions not
19 new cause of action, but merely part of "same old cause of action" originally raised).

20      Here, Plaintiff does not attach the proposed amended complaint, nor does he set forth
21 what amendments he would make or what supplemental information he would like to include.  In
22 the absence of a proposed amended complaint, or at least a proffer of what Plaintiff wishes to
23 add, the Court cannot discern whether granting him additional leave to amend his complaint
24 would be futile.  *See Janicki Logging Co.*, 42 F.3d at 566 (leave to amend need not be granted
25 where, *inter alia*, the amendment constitutes an exercise in futility, or creates undue delay).

26      Accordingly, Plaintiff's motion to amend or supplement his complaint is DENIED
27 without prejudice.

28

Order Denying Motion to Dismiss; Denying Motion to Amend without Prejudice; Denying Request for Continuance;
Directing Defendant to File Dispositive Motion or Notice
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422mtdmisc.wpd   4

C.  Request for Continuance under Rule 56(f)

Federal Rule of Civil Procedure 56(d)[2] provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Rule 56(d) provides a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). A court may deny a summary judgment motion to permit discovery if it appears that a party cannot present facts essential to opposing the motion. Fed. R. Civ. P. 56(d).

Rule 56(d) is inapplicable to Plaintiff's action at this time because Whiting has not moved for summary judgment. Accordingly, Plaintiff's request is DENIED. Alternatively, liberally construing Plaintiff's motion, it appears that he is actually requesting additional time to conduct discovery in order to support an opposition to Whiting's motion to dismiss. In light of the Court's denial of Whiting's motion, Plaintiff's request for a continuance is denied as moot.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendant's motion to dismiss is DENIED without prejudice. Plaintiff's motion to amend is DENIED without prejudice. Plaintiff's request for a continuance is DENIED.

2. No later than **sixty (60) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

    a.  If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

---

[2] Former Federal Rule of Civil Procedure 56(f), cited in Plaintiff's motion, was amended in 2010. Those provisions are now set forth in Rule 56(d).

Order Denying Motion to Dismiss; Denying Motion to Amend without Prejudice; Denying Request for Continuance; Directing Defendant to File Dispositive Motion or Notice
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422mtdmisc.wpd   5

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.**

    3.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

      a.    In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[3]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

---

[3] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.   Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.   All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

8.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   1/11/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order Denying Motion to Dismiss; Denying Motion to Amend without Prejudice; Denying Request for Continuance; Directing Defendant to File Dispositive Motion or Notice
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422mtdmisc.wpd   7