IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY D. BLACKBURN,<br><br>    Plaintiff,<br><br> v.<br><br>TERRY WHITING,<br><br>    Defendant. | No. C 10-1422 LHK (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR CONTINUANCE |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Physician's Assistant Terry Whiting and the Monterey County Jail violated his constitutional rights. On March 2, 2011, Defendant filed a motion for summary judgment. On April 4, 2011, Plaintiff filed a motion for continuance under Rule 56(d). Defendant filed an objection to Plaintiff's motion. Plaintiff filed a supplemental motion, which the Court construes as his reply. For the reasons stated below, the Court GRANTS Plaintiff's request for an extension of time in which to file his opposition to defendant's motion for summary judgment, but DENIES it to the extent that he requests additional time to seek further discovery pursuant to Rule 56(d).

Federal Rule of Civil Procedure 56(d) is a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). In making a Rule

1 | 56(d) motion, a party opposing summary judgment must make clear "what information is sought
2 | and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.
3 | 1998); *see, e.g., id.* at 853-54 (district court correctly denied motion for continuance to engage in
4 | further discovery under Rule 56(d) where plaintiff did not provide any basis or factual support
5 | for his assertions that further discovery would lead to the facts and testimony he described, and
6 | his assertions appeared based on nothing more than "wild speculation").  Rule 56(d) requires that
7 | the requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit
8 | from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to
9 | oppose summary judgment.  *Family Home and Finance Center, Inc. v. Federal Home Loan*
10 | *Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

11 | Here, Plaintiff requests a sixty day continuance in which to file his opposition to
12 | Defendant's motion for summary judgment.  He claims that he needs Defendant to provide two
13 | specific pieces of information in order to demonstrate the existence of a "genuine issue of
14 | material fact[]."  However, he does not demonstrate how this "additional discovery would []
15 | reveal[] specific facts precluding summary judgment," *see Tatum v. City and County of S.F.*, 441
16 | F.3d 1090, 1101 (9th Cir. 2006), or how the sought-after facts are essential to oppose summary
17 | judgment, *Family Home and Finance Center, Inc.*, 525 F.3d at 827.  Thus, he is not entitled to a
18 | continuance for the purpose of conducting additional discover pursuant to Rule 56(d).

19 | However, the Court will GRANT Plaintiff's request for a sixty day continuance in which
20 | to file his opposition to the motion for summary judgment.  Plaintiff is directed to file an
21 | opposition to Defendant's motion for summary judgment **no later than June 5, 2011**.
22 | Defendants shall file a reply **fifteen days thereafter**.
23 | IT IS SO ORDERED.
24 | DATED:   5/3/11
            *Lucy H. Koh*
25 | LUCY H. KOH
    | United States District Judge

Order Granting Plaintiff's Request for Continuance
P:\PRO-SE\SJ.LHK\CR.10\Blackburn422rule56.wpd     2